Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3630 | **DATE** | 8/11/2000 |
| **CASE TITLE** | Jesus Salto vs. Carlos Palomar, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated, the Motion to Dismiss Counts I and II is denied, and Palomar is ordered to file an Answer to those counts on or before August 21, 2000. As for Count III, it is dismissed without prejudice (a dismissal that results in the total dismissal of Cicero from this action). There is no need for the litigants to appear on August 16, and the next status hearing in this matter is rescheduled to 9 a.m. September 19, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | AUG 1 4 2000 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | 6 |
| | Mail AO 450 form. | | ED-7 FILED FOR DOCKETING | 8/14/2000 | |
| | Copy to judge/magistrate judge. | | 00 AUG 11 PM 2:54 | date mailed notice | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

JESUS SALTO,                )
                            )
              Plaintiff,    )
                            )
       v.                   )    No. 00 C 3630
                            )
CARLOS PALOMAR, et al.,     )
                            )
              Defendants.   )

**DOCKETED**

MEMORANDUM OPINION AND ORDER

**AUG 1 4 2000**

Town of Cicero ("Cicero") building inspector Carlos Palomar ("Palomar") and Cicero itself have noticed up for presentment on August 16 (the same date as the previously scheduled status hearing) their Motion To Dismiss ("Motion") the Complaint brought against them and a number of unidentified "John Doe" and "Richard Roe" defendants by Jesus Salto ("Salto"). Because the virtues and vices of the Motion are so readily apparent as to make any response futile in the first instance and as to require no response in the latter instance, this memorandum opinion and order is issued to obviate any need for either counsel's appearance on the August 16 date.

In response to Complaint Count I, labeled "false arrest"[1]

---

[1] "False arrest" is of course a misnomer for a Section 1983 claim of that nature, which really asserts a Fourth Amendment claim of unreasonable seizure (as Complaint ¶24 specifically alleges). For convenience this Court adheres to the conventional (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guarantees).

although advanced under 42 U.S.C. §1983 ("Section 1983"), Palomar asserts the notion that some "aggravating factor" must be asserted before a Section 1983 claim of unreasonable seizure is viable. Not to put too fine a point on the matter, defense counsel's effort to elevate the "aggravating factor" language snippets referred to in the Motion (snippets voiced in meaningfully different contexts) into a constitutional principle that would bar Salto's constitutionally unlawful seizure claim is simply dead wrong. There are literally hundreds--nay, thousands--of cases, in courts ranging from District Courts through Courts of Appeals (including our own) to the Supreme Court itself, in which the courts uniformly treat an arrest made or instigated by a law enforcement officer that deprives someone of his or her liberty in any meaningful sense as a Fourth Amendment "seizure" by definition, thence proceeding directly to an analysis of whether the arrest was constitutionally "unreasonable"--that is, lacking in probable cause.

As a succinct example from another jurisdiction that reflects the just-stated truism, <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996) (numerous citations omitted) has put the matter in these terms:

> Under New York law, a plaintiff claiming false arrest must show, inter alia, that the defendant intentionally confined him without his consent and without justification. A §1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a

2

claim for false arrest under New York law.

And it has taken only a few moments' further research to find confirmation of that identical proposition from our own Court of Appeals, teaching that "arrest" equates to "seizure" for Fourth Amendment terms, so that the relevant inquiry immediately becomes whether that arrest (seizure) was "unreasonable"--without probable cause. Hyde v. Small, 123 F.3d 583 (7th Cir. 1997) begins by describing the litigation before it in these terms (id. at 584):

> The plaintiff in a suit for false arrest (constituting an unreasonable seizure within the meaning of the Fourth Amendment) under 42 U.S.C. §1983 appeals from the district court's refusal to award him any attorneys' fees.

And the opinion then goes on to explain that the gravamen of plaintiff's claim was an arrest that resulted in his being "kept for three hours in the jail and then released" (id.), and it continues in this fashion (id.):

> The jury obviously found, not unreasonably, that the defendants did not have probable cause to arrest Hyde and that therefore they had violated his constitutional rights. He incurred no tangible injury from the arrest, however, and the jury was not required to value the humiliation and indignation that the arrest aroused in him at more than $500.

Here Salto has likewise alleged (and this Court must accept as true for purposes of the Motion) that Palomar caused him to be arrested despite a total absence of probable cause for doing so, so that Salto too was deprived of his liberty for an identical

3

period--three hours--at the police station (Complaint ¶17).[2] It does not at all trivialize the Constitution to mulct in damages a law enforcement officer for engaging in such lawless conduct, and Section 1983 was designed for just that purpose. No "aggravating factors" are required to create a constitutional dimension to such a claim.

Indeed, the absurdity of defense counsel's position is rendered even more apparent by his effort to stretch the same "aggravated circumstances" notion to block an allegation--again taken as true for present purposes--that Palomar engaged in the gratuitous imposition of excessive force on Salto (Complaint ¶¶13-14). By definition "excessive force" does not equate to any battery of a trivial nature, and it is difficult to see how defense counsel can pass the "straight face" test in advancing such a patently flawed contention.

So much for Palomar, who thus remains as a defendant to each of Complaint Counts I and II. As for Cicero, the Motion tilts at windmills in arguing its nonliability under Counts I and II: All one need do is to read the prayers for relief in those two counts (which ask for relief <u>only</u> against individual defendants) to see that Cicero is not targeted there. To that extent the Motion is

---

[2] Needless to say, it will be for the trier of fact to put an appropriate price tag on the asserted constitutional deprivation if it finds Palomar was lacking in probable cause for Salto's arrest. By contrast with Hyde, Salto does claim a tangible injury as well (as discussed in the next paragraph of the text).

denied as moot.

But defense counsel is saved from a shutout by the soundness of his attack on Count III, which asserts what the Complaint labels as a "malicious prosecution" claim. No such claim can qualify under Section 1983, because no "seizure" of Salto is asserted in conjunction with defendants' assertedly malicious commencement of the criminal proceedings against him without probable cause. And to the extent that Count III may be read as advancing a state law claim of malicious prosecution, it is flawed because it lacks the required allegation that the criminal prosecution was terminated in Salto's favor on a basis indicative of his <u>innocence</u>. Instead Complaint ¶20 simply says that the state criminal proceeding "was dismissed for want of prosecution."

## Conclusion

For the reasons stated in this memorandum opinion and order, the Motion To Dismiss Counts I and II is denied, and Palomar is ordered to file an Answer to those counts on or before August 21, 2000. As for Count III, it is dismissed without prejudice (a dismissal that results in the total dismissal of Cicero from this action). There is no need for the litigants to appear on August 16, and the next status hearing in this matter is rescheduled to 9 a.m. September 19, 2000.

_____
Milton I. Shadur
Date: August 11, 2000    Senior United States District Judge